UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIANO DIVIACCHI,<br><br>         Plaintiff,<br><br>    v.<br><br>BRANDON STALLINGS, *et al.*,<br><br>         Defendants. | Case No. 24-cv-07827-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Docket No. 13 |

Plaintiff Valeriano Diviacchi, proceeding pro se, has filed suit against State Bar of California ("CalBar" or "State Bar") officials Brandon Stallings, Alex Chan, and Amy Nuñez (collectively, "Defendants") in their official capacities.[1]  Plaintiff claims State Bar Rule 4.41(A) is facially unconstitutional.  Now pending before the Court is Defendants' motion to dismiss.  Defendants argue that subject matter jurisdiction is lacking based on Eleventh Amendment immunity and the *Rooker–Feldman* doctrine, that claim preclusion is an independent bar to the action, and that Mr. Diviacchi has failed to state a claim for relief.  Having considered the parties' briefs, accompanying submissions, and oral arguments, the Court hereby **GRANTS** Defendants' motion.

**I.     FACTUAL & PROCEDURAL BACKGROUND**

In his complaint, Mr. Diviacchi alleges the following:

Mr. Diviacchi is an attorney.  In 2015, the Massachusetts Bar suspended him from

---

[1] In his complaint, Mr. Diviacchi suggests that he is also suing Defendants in their individual capacities.  However, given that he seeks only injunctive relief, the Court may, as a practical matter, focus solely on his suit against Defendants in their official capacities.

practicing law. Dkt. 1 (Compl.), 5:16–18.[2]  In 2018, Mr. Diviacchi completed his 27-month suspension, but the Massachusetts Bar still has not reinstated him at the time of this suit.[3]  *Id.*

In 2022, CalBar permitted Mr. Diviacchi to sit for the California State Bar Examination, which he passed. *Id.* Ex. 1 at 27.  He has satisfied all prerequisites for the State Bar to consider his law license application except for "having an active moral character determination on file." *Id.* To have the required moral character determination, a bar applicant must complete an Application for Determination of Moral Character. *Id.* at 4:16–20.  However, Mr. Diviacchi cannot submit this application because of State Bar Rule 4.41(A). *Id.*  The rule states that "[a]n attorney who is suspended for disciplinary reasons or disbarred, has resigned with disciplinary charges pending or is otherwise not in good standing for disciplinary reasons in any jurisdiction may not submit an [A]pplication [for Determination of Moral Character]." Cal. Rules of State Bar, Rule 4.41(A) (West 2008).

Mr. Diviacchi sent a letter to CalBar, asking that it waive Rule 4.41(A) and that he, like other applicants, be allowed to complete his application so that his fitness to practice law in California could be decided "on the merits." Dkt. 1 (Compl.) Ex. 1, 34.  He also raised legal arguments in his letter questioning the rule's constitutionality. *Id.*  Defendant Amy Nuñez denied his request, stating that Mr. Diviacchi was not allowed to submit an application "[p]ursuant to [the] rule" and that he could appeal the decision to the California Supreme Court. *Id.* at 35.

Mr. Diviacchi then "filed a petition for review with the California Supreme Court challenging the State Bar's application of Rule 4.41(A) [to him]." Dkt. 13 (Mot.), 14:20–23.  In his petition, he raised several constitutional claims similar to those presented in the instant case and "requested permission to submit [his] Application for Determination of Moral Character." *Id.*

---

[2] Pinpoint citations refer to the ECF-generated page numbers at the top of documents.

[3] The parties dispute the reasons for the continued suspension, but they are immaterial to the Court's analysis in this case. *Compare* Dkt. 1 (Compl.), 5:20–6:5, *with* Dkt. 13 (Def.'s Mot. to Dismiss ("Mot.")), 13:24–14:2, 14 n.1.  Mr. Diviacchi's law license was also reciprocally suspended by the Maine Bar because of his Massachusetts suspension, which also remains in effect. Dkt. 1 (Compl.), 5:18, 6:3–4.

The California Supreme Court summarily denied his petition. Dkt. 1 (Compl.) Ex. 2, 37.[4]

Mr. Diviacchi proceeded by filing a lawsuit in this District, alleging similar constitutional problems with Rule 4.41(A) as those in his petition. He asked the court "only for an order allowing him to submit an Application for a Determination of Moral Character." *Diviacchi v. State Bar of California* (*Diviacchi I*), No. 23-CV-02417-LB, 2023 WL 5763054, at *4 (N.D. Cal. Sept. 6, 2023).[5] *Diviacchi I* was dismissed based on a lack of subject matter jurisdiction—*inter alia*, because Mr. Diviacchi had sued only CalBar, and it, as an arm of the state, is immune from suit under the Eleventh Amendment. *Diviacchi I*, 2023 WL 5763054, at *3. The Ninth Circuit affirmed the dismissal for lack of subject matter jurisdiction on appeal. No. 23-16170, 2024 WL 2862123, at *1 (9th Cir. June 6, 2024).

Several months after the Ninth Circuit's decision, Mr. Diviacchi filed the instant suit, alleging similar constitutional violations as those in his petition to the California Supreme Court and in *Diviacchi I*.[6] But importantly, here, he does not ask this Court for a waiver of Rule 4.41(A) nor asserts that the rule is unconstitutional as applied to him. *See* Dkt. 1 (Compl.), 1–10. And he does not name the State Bar as a defendant, unlike in *Diviacchi I*. *Id.* Rather, he alleges that Rule 4.41(A) is facially unconstitutional. *Id.* at 8–10. He asks the Court for a declaration that Rule 4.41(A) is unconstitutional and for "such other and further relief as the court deems just and proper." *Id.* 10:8–10.

---

[4] Mr. Diviacchi subsequently filed a petition for rehearing, adding a Privileges and Immunities Clause argument, but this was also denied in a one-line order. Dkt. 1 (Compl.), 39, 46.

[5] Both parties have submitted requests for judicial notice ("RJN"). Defendants request that the Court take judicial notice of (1) Mr. Diviacchi's complaint in *Diviacchi I*, (2) the associated district court judgment, and (3) the Ninth Circuit's mandate affirming the district court's dismissal. Dkt. 14 (Defs.' RJN), 2. Given that these are publicly available court records, the Court grants their request and denies Mr. Diviacchi's limited opposition to (2). Mr. Diviacchi requests judicial notice of the Ninth Circuit's unpublished opinion affirming *Diviacchi I*; for the same reason, the Court grants the request. Dkt. 16 (Pl.'s Cross-Mot. for Judicial Notice).

[6] Specifically, Mr. Diviacchi asserts that Rule 4.41(A) violates the Fourteenth Amendment's Privileges and Immunities Clause, as well as his rights under substantive due process, procedural due process, equal protection, and the First Amendment. Dkt. 1 (Compl.), 8–10.

## II.     LEGAL STANDARD

A.    Rule 12(b)(1) – Lack of Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss for lack of subject matter jurisdiction. A Rule 12(b)(1) jurisdictional attack may be factual or facial. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* The court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

B.    Rule 12(b)(6) – Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). The court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (quoting *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014)). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it

1   asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting

2   *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

In the pending motion, Defendants make several arguments for dismissal. First, they argue that the Court lacks subject matter jurisdiction because Eleventh Amendment immunity protects Defendants from suit. Dkt. 13 (Mot.), 12:25–13:3. Second, Defendants assert that the Court lacks subject matter jurisdiction based on the *Rooker–Feldman* doctrine. Third, they contend that, even if the Court has subject matter jurisdiction over the case, Mr. Diviacchi's claims are still barred under res judicata. Finally, Defendants maintain that Mr. Diviacchi has failed to state a claim for relief on the merits.[7]

A.   Eleventh Amendment Immunity

Defendants argue first that the Court should dismiss the suit for lack of subject matter jurisdiction because they are protected by Eleventh Amendment immunity.

"Eleventh Amendment immunity extends to state agencies and other governmental entities that can be viewed as 'arms of the State.'" *Maryland Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 261 n.8 (4th Cir. 2005) (citing *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)) ("[A] State and its 'arms' are, in effect, immune from suit in federal court."). A state's sovereign immunity from suit in federal court normally extends to suits against its officers in their official capacities. However, the Supreme Court set forth an exception in *Ex parte Young*, 209 U.S. 123 (1908). Under the *Ex parte Young* doctrine, a plaintiff may maintain a suit for *prospective* relief against a state official in their official capacity when that suit seeks to correct an ongoing violation of the Constitution or federal law. *See Cardenas v. Anzai*, 311 F.3d

---

[7] After briefing was completed, the Court *sua sponte* raised a new issue with the parties—specifically, whether Rule 4.41(A) may soon be amended in such a way that Mr. Diviacchi's suit would be moot. In a supplemental filing, Defendants confirmed to the Court that the State Bar had submitted a petition to the California Supreme Court, requesting that the rule be modified to allow attorneys not in good standing in other jurisdictions to complete their Application for Determination of Moral Character. Dkt. 26 (Def.'s Suppl. Br. Regarding State Bar Rule 4.41(A)). However, at the hearing, Defendants stated that they were unable to provide any timeline or insights into when the California Supreme Court might approve or deny CalBar's petition; accordingly, the Court is moving forward on their motion to dismiss.

929, 934–35 (9th Cir. 2002). While the *Ex parte Young* exception permits prospective injunctive or declaratory relief against a state official, "[f]ederal courts may not award *retrospective* relief, for instance, money damages or its equivalent." *K.W. ex rel. D.W. v. Armstrong*, 789 F.3d 962, 974 (9th Cir. 2015) (emphasis added) (quoting *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004)).

Here, Plaintiff names CalBar employees in their official capacities who enforce Rule 4.41(A) and asks that this Court find the rule facially unconstitutional so that Defendants can no longer enforce it. Dkt. 1 (Compl.), 3:23–4:4. The relief sought is prospective in nature, not retrospective, and so the *Ex parte Young* exception applies.[8] *See, e.g.*, *Mendoza v. Strickler*, 51 F.4th 346, 351–52 (9th Cir. 2022) (holding that a plaintiff's request for equitable relief "against the continued suspension of her [driver's] license based on [the state official] Defendants' prior application of [the allegedly unconstitutional statute]" fell within the *Ex parte Young* exception). If the ongoing enforcement of Rule 4.41(A) blocking Diviacchi's application "violates the federal Constitution, then Defendants may be enjoined from such enforcement actions. That is enough to bring this case within the doctrine of *Ex parte Young*." *Id.* at 353.

B.   *Rooker–Feldman* Doctrine

Defendants argue that, even if the Eleventh Amendment is not a bar to Mr. Diviacchi's suit, subject matter jurisdiction is still lacking based on the *Rooker–Feldman* doctrine. "The *Rooker–Feldman* doctrine stands for the proposition that 'a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court.'" *Manufactured Home Cmtys., Inc. v. City of San Jose*, 420 F.3d 1022, 1029 (9th Cir. 2005) (quoting *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003)). As the Ninth Circuit has explained, *Rooker–Feldman* also prohibits a federal district court from exercising jurisdiction over a suit that is a "de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139

---

[8] The Court's ruling here is not contrary to the Ninth Circuit's decision in *Diviacchi I*. In *Diviacchi I*, the Ninth Circuit held that subject matter jurisdiction was lacking because, "[e]ven if Diviacchi could add a State Bar official as a defendant, he still seeks retrospective relief." 2024 WL 2862123, at *2. Here, however, Mr. Diviacchi has reframed his complaint and makes clear that he is not seeking retrospective relief, but rather only prospective relief. *Compare* Dkt. 1 (Compl.) 10, *with* Dkt. 14 (Defs.' Req. for Judicial Notice) Ex. 1, 10–11.

1   (9th Cir. 2004). "If a federal plaintiff asserts *as a legal wrong* an allegedly erroneous decision by

2   a state court, *and* seeks relief from a state court judgment based on that decision," then the claim is

3   a de facto appeal barred by *Rooker–Feldman*. *Id.* at 1140 (quoting *Noel*, 341 F.3d at 1164). "The

4   doctrine does not, however, prohibit a plaintiff from presenting a generally applicable legal

5   challenge to a state statute in federal court, even if that statute has previously been applied against

6   him in state court litigation." *Mothershed v. Justs. of Sup. Ct.*, 410 F.3d 602, 606 (9th Cir. 2005).

7   For example, "a general attack on a state's admission rules may be heard by lower federal courts

8   because a state supreme court acts in a nonjudicial capacity when it promulgates such rules."

9   *Craig v. State Bar of Cal.*, 141 F.3d 1353, 1354 (9th Cir. 1998).

10   In the instant case, *Rooker–Feldman* does not bar Mr. Diviacchi's claims. "To determine

11  whether an action functions as a de facto appeal, [a court] pay[s] close attention to the *relief*

12  sought by the federal-court plaintiff." *Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012).

13  Mr. Diviacchi claims he is entitled to "prospective declaratory relief against continued enforcement

14  and maintenance" of the allegedly unconstitutional Rule 4.41(A). Dkt. 1 (Compl.), 9–10. Thus, he

15  "mount[s] a general challenge to the constitutionality of Rule [4.41(A)]." *D.C. Ct. of Appeals v.*

16  *Feldman*, 460 U.S. 462, 483 (1983).

> [Mr. Diviacchi's] claims pertain to the rule['s] validity as applied to all attorneys within [California] . . . and thus do not present an individualized challenge to [his] bar [admissions] proceeding[]. Rather—like the *Feldman* plaintiffs' general constitutional attack on the D.C. bar's accreditation requirement—these claims constitute a general challenge to the rules governing admission to the [California] bar.

21  *Mothershed*, 410 F.3d at 608. Because a facial challenge to the constitutionality of a CalBar rule

22  asks this Court to review a legislative decision by the California Supreme Court (*i.e.*,

23  promulgating Rule 4.41(A)) rather than a judicial one, it is not a de facto appeal and *Rooker–*

24  *Feldman* does not apply. *See Craig*, 141 F.3d at 1354.

25   Defendants suggest that the doctrine nonetheless applies because, even if Mr. Diviacchi is

26  "launch[ing] a general constitutional attack on Rule 4.41(A), . . . [his] constitutional claims [are]

27  'inextricably intertwined' with his pursuit of a waiver of Rule 4.41(A), and the essence of his case is

28  the effect that Rule 4.41(A) has on his individual application." Dkt. 13 (Mot.), 22:8–10. The

7

Court disagrees.

> The premise for the operation of the "inextricably intertwined" test in *Feldman* is that the federal plaintiff is seeking to bring a forbidden de facto appeal. The federal suit is not a forbidden de facto appeal because it is "inextricably intertwined" with something . . . . Only when there is *already* a forbidden de facto appeal in federal court does the "inextricably intertwined" test come into play . . . .

*Noel*, 341 F.3d at 1158 (emphasis added). Thus, because Mr. Diviacchi's claim is not a de facto appeal, the Court need not consider how intertwined the instant action is with his petition to the California Supreme Court for purposes of *Rooker–Feldman*.

To the extent that Mr. Diviacchi made allegations about being prevented from completing his CalBar application, those allegations simply support his standing to bring suit.[9] *See Noel*, 341 F.3d at 1157 ("[B]ecause the federal plaintiff[] [is] challenging a legislative rather than a judicial decision by the local court—and need[s] relief against that legislative act—it [is] appropriate that [he] structure . . . [his] suit in this way.").

> [The Court] construe[s] these references as showing that [Mr. Diviacchi] has, in the past, acted in such a way as to subject himself to the operation of [Rule 4.41(A)], thereby tending to show that he will act in this way again and that the [rule] will be enforced against him again. These references are thus part of his demonstration that he is sufficiently threatened with actual harm from the future operation of [Rule 4.41(A)] that he has standing to bring the present suit. [the Court] do[es] not construe these references as de facto appeals from the decisions in those prior actions.

*Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004).

In short, Mr. Diviacchi's suit passes the jurisdictional hurdles of sovereign immunity and the *Rooker–Feldman* doctrine. However, "*Rooker–Feldman* does not override or supplant issue and claim preclusion doctrines." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007). Preclusion is addressed below.

C.  Preclusion

Although, as discussed above, the Court rejects Defendants' jurisdictional challenges (Eleventh Amendment immunity and *Rooker–Feldman*), it nevertheless dismisses Mr. Diviacchi's

---

[9] Mr. Diviacchi's bar results are valid through July 2027—*i.e.*, he has until this date to submit his Application for Determination of Moral Character before he would have to sit for the bar exam again. Dkt. 1 (Compl.), 27. Thus, he has standing.

8

case based on claim preclusion, also known as res judicata. In their motion to dismiss, Defendants make two preclusion arguments: (1) the instant suit is precluded by *Diviacchi I* and (2) even if not, the instant suit is precluded by the California Supreme Court's denial of Mr. Diviacchi's petition for review. The Court need not address Defendants' first argument because it concludes that Defendants' second argument is correct.

A federal court must give a state court judgment the same preclusive effect that it would have in the courts of the state in which it was rendered, even on claims within exclusive federal jurisdiction. *See Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 369 (1996); *see also Dodd v. Hood River County*, 136 F.3d 1219, 1225 (9th Cir. 1998). Under California law, res judicata "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002). Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit. *See id.*

Each of these elements is satisfied in the case at bar. First, the instant action and Mr. Diviacchi's petition to the California Supreme Court involve the same cause of action. To determine whether two suits involve the same "cause of action" for claim preclusion purposes, California courts "consistently appl[y]" the "primary rights" theory. *Slater v. Blackwood*, 15 Cal. 3d 791, 795 (1975). Under this theory, "the invasion of one primary right gives rise to a single cause of action." *Id.* "The primary right is determined by the harm suffered, regardless of the number of legal theories asserted." *Castro v. Higaki*, 31 Cal. App. 4th 350, 357 (1994). Here, regardless of the precise constitutional theory claimed by Mr. Diviacchi, his alleged harm in both actions is his ineligibility to submit his Application for Determination of Moral Character by operation of Rule 4.41(A). Dkt. 1 (Compl.) Ex. 1, 15 ¶5. Thus, the same cause of action is at issue in this suit and the petition before the California Supreme Court.[10]

---

[10] Mr. Diviacchi's claims in his petition review and petition for rehearing are not identical to those here, but they are substantially similar and arise from the same alleged harm. His petition for review raised procedural due process and equal protection claims. Dkt. 1 (Compl.) Ex. 1, 13. His petition for rehearing introduced substantive due process and Privileges and Immunities Clause claims. *Id.* Ex. 3 at 42. But all arise from the same challenged conduct resulting in the same alleged harm.

The second requirement is also met here because "claim preclusion applies . . . to the relitigation of the same cause of action between the same parties *or* those in privity with them." *DKN Holdings v. Faerber*, 61 Cal. 4th 813, 825 (2015) (emphasis added). Privity "requires the sharing of 'an identity or community of interest,' with 'adequate representation' of that interest in the first suit, and circumstances such that the nonparty 'should reasonably have expected to be bound' by that action." *Id.* at 826 (citation omitted). In the instant action, Mr. Diviacchi named CalBar employees as Defendants, whereas in his petition for review, he challenged action taken by the State Bar. However, there is privity between Defendants and the State Bar. Defendants are named in their official capacities, as discussed above. Working in their official capacities, Defendants are agents of the State Bar and have "no liability apart from that of their principal." *Id.* This agency relationship is sufficient to establish that Defendants are in privity with the California Bar. *See id.* at 827–28 ("When a defendant's liability is entirely derivative from that of a party in an earlier action, claim preclusion bars the second action because the second defendant stands in privity with the earlier one.").

Finally, the third claim preclusion requirement is satisfied because the California Supreme Court's denial of Diviacchi's petition constitutes a final determination on the merits. "The California Supreme Court has exclusive original jurisdiction over the . . . process of [attorney] admission[s] . . . in California." *Pell v. Nuñez*, 99 F.4th 1128, 1131 (9th Cir. 2024) (internal citations and quotation marks omitted). Rule 4.41(A) is equivalent to other admission rules that were deemed within the California Supreme Court's "inherent authority over [attorney] admission[s]." *See id.* at 1132. Thus, as explained in detail below, when the California Supreme Court denied Mr. Diviacchi's petition that challenged Rule 4.14(A), there was a final determination on the merits.

Mr. Diviacchi appears to take issue with the fact that the California Supreme Court's denial was summary in nature. However, simply because there was a summary denial does not mean that his petition was not considered and decided upon based on the merits. Indeed, the California Supreme Court has stated that "[w]hen the sole means of review is a petition in th[e] [California Supreme] [C]ourt . . . denial of the petition—with or without an opinion—reflects a

10

judicial determination on the merits." *In re Rose*, 22 Cal. 4th 430, 445, 446 (2000) (finding that summary denial of a petition for review of a State Bar Court's disciplinary recommendation was on the merits). The Court explained that "[i]f our ruling on such a petition were not a final decision on the merits both as to the law and the facts presented, the parties would be denied their right to such review." *Id.* (internal citations and quotations omitted).

> Unlike the United States Supreme Court's denials of petitions for certiorari, the California Supreme Court has no discretion to refuse to consider petitions for review of [bar admissions] decisions. The California Supreme Court has only the discretion to deny oral argument and a written opinion. The summary denials thus are similar to the Supreme Court's summary denials of review of state court decisions. Those denials are on the merits and have preclusive effect, despite the lack of oral argument or a written opinion.

*Cf. Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1019 (9th Cir. 1999). Accordingly, when the California Supreme Court summarily denied Mr. Diviacchi's petition for review, that still constituted a final determination on the merits.

Because this action meets all three requirements of res judicata under California law, the Court holds that Mr. Diviacchi's case is precluded by the California Supreme Court's rejection of his petition for review. In his papers and at oral argument, Mr. Diviacchi protests that this is not a fair result. He asserts that, under Ninth Circuit law, he was forced to petition the California Supreme Court for relief because a mere decision by the State Bar (as opposed to the state court) was not enough to "cause [him] to suffer a cognizable deprivation under federal law" (*i.e.*, the State Bar's not accepting the application "was simply of no legal significance"). *Pell*, 99 F.4th at 1133, 1134 (citations and quotation marks omitted). Mr. Diviacchi thus characterizes his petition to the California Supreme Court as a required exhaustion of his administrative remedies. Dkt. 15 (Opp.), 16:3–12. But the fact that California law requires the Plaintiff to file a petition with the California Supreme Court—whether such be labeled as "exhaustion"—does not mean that the California Supreme Court's denial of such petition is not on the merits.

As the Court noted at the hearing, Mr. Diviacchi's complaint boils down to his contention that he should be able to bring his federal constitutional claim in federal court. That is, Mr. Diviacchi's argument "amounts to little more than the concern that it is unfair to give preclusive

effect to state-court proceedings that are not chosen, but are instead *required*." *San Remo Hotel, L.P. v. City of San Francisco*, 545 U.S. 323, 347 (2005). While that concern may be understandable, there is "no reason to believe that Congress intended to provide a person claiming a federal right an unrestricted opportunity to relitigate an issue already decided in state court simply because the issue arose in a state proceeding in which he would rather not have been engaged at all."[11] *Id.* (quoting *Allen v. McCurry*, 449 U.S. 90, 103–104 (1980)). Moreover, there are "important principles of judicial comity . . . that counsel against federal judicial oversight of alleged constitutional infirmities in a state's determination of who is qualified for admission to the bar." *Margulis*, 845 F.2d 215, 216 (9th Cir. 1988). The Supreme Court in *Feldman* "emphasized the importance of permitting state supreme courts to consider constitutional challenges to bar admission procedures in the first instance." *Id.* at 217. The California Supreme Court is obviously capable of applying the federal Constitution.

Finally, Mr. Diviacchi's suggestion that *Feldman*—which held that lower federal courts have jurisdiction over facial challenges to bar admissions rules—would be functionally annulled if this Court were to give preclusive effect to his petition is without merit. Dkt. 15 (Opp.), 9–10. Just because a court has jurisdiction to hear a claim does not also mean that previous courts' judgments should not be given preclusive effect. The Supreme Court in *Feldman* "expressly d[id] not reach the question of whether the doctrine of res judicata" applied to the plaintiff's case. 460 U.S. at 487. The Court "le[ft] that question to the District Court on remand." *Id.* at 488. The Court sees no problem with simultaneously holding that a claim permitted under *Rooker–Feldman* is nonetheless precluded by a required petition to a state court, particularly in a case such as this where the plaintiff submitted extensive briefs to the state court on the constitutional questions presented here. The application of claim preclusion violates no constitutional rights of the Plaintiff.

---

[11] There are other areas of law where a litigant is unable to vindicate federal rights in a federal forum. *See e.g.*, *San Remo Hotel*, 545 U.S. 323 (2005) (federal takings claims requiring state court denial of just compensation for ripeness); *Fair Assessment in Real Estate Assn., Inc. v. McNary*, 454 U.S. 100 (1981) (taxpayer § 1983 challenges to validity of state tax systems).

12

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss. The Clerk of the Court is instructed to enter a final judgment in accordance with this opinion and close the file in the case.

This order disposes of Docket No. 13.

**IT IS SO ORDERED**.

Dated: March 5, 2025

_____
EDWARD M. CHEN
United States District Judge