UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIANO DIVIACCHI,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON STALLINGS, et al.,<br><br>Defendants. | Case No. 24-cv-07827-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Docket No. 30 |

    Previously, the Court granted Defendants' motion to dismiss based on claim preclusion (res judicata) and entered a final judgment in Defendants' favor. Mr. Diviacchi now moves to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).

    Rule 59(e) allows a party to move to alter or amend a judgment. Under Rule 59(e), relief may be obtained if there was a manifest error by the Court or to prevent manifest injustice. *See, e.g.*, *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (indicating that a Rule 59(e) motion may be granted if "necessary to correct manifest errors of law or fact upon which the judgment is based" or "to prevent manifest injustice"). Here, the Court concludes that, although it did make an error regarding a citation to one case, that error was not material.

    In its order of dismissal, the Court held that res judicata was a bar to Mr. Diviacchi's case because the California Supreme Court had previously denied his petition for review. In the pending motion, Mr. Diviacchi does not make any real challenge to the Court's analysis finding that the three res judicata elements were met. Rather, in his motion, he returns to his fairness argument – *i.e.*, that it is unfair to hold that the California Supreme Court decision has preclusive effect when Ninth Circuit law forced him to petition the California Supreme Court for relief (*i.e.*,

"because a mere decision by the State Bar (as opposed to the state court) was not enough to 'cause [him] to suffer a cognizable deprivation under federal law'"). Docket No. 28 (Order at 11). Additionally, Mr. Diviacchi continues to characterize the California Supreme Court's denial of his petition for review and petition for rehearing as non-decisions, without engaging with the reasoning from *In re Rose*, 22 Cal. 4th 430 (2000), which held those summary denials were in fact substantive decisions on the merits. *See id.* at 445-46.

As an initial matter, the Court denies Mr. Diviacchi's motion for relief because the Court's res judicata holding is valid based on its analysis of the three res judicata factors alone.

However, even considering Mr. Diviacchi's fairness arguments in the pending motion, the Court concludes that his motion for relief should still be denied. Mr. Diviacchi criticizes the Court's reliance on three cases: *San Remo Hotel, L.P. v. City of San Francisco*, 545 U.S. 323 (2005); *Fair Assessment in Real Estate Association, Inc. v. McNary*, 454 U.S. 100 (1981); and *Margulis v. State Bar of California*, 845 F.2d 215, 216 (9th Cir. 1988). Mr. Diviacchi is correct that the holding in *San Remo Hotel* was subsequently abrogated, *see Knick v. Township of Scott*, 588 U.S. 180, 184 (2019) (eliminating the previous requirement for Fifth Amendment takings claims that a state court must first deny a plaintiff's claim "for just compensation under state law" before being able to bring the suit in federal court; this requirement was what the *San Remo Hotel* Court deemed preclusive); thus, the Court's reliance on *San Remo Hotel* as an example of a case "where a litigant is unable to vindicate federal rights in a federal forum," Docket No. 28 (Order at 12 n.11), was in error. However, it was not improper for the Court to rely on *Allen v. McCurry*, 449 U.S. 90 (1980), simply because it was quoted in *San Remo Hotel*, and, in *Allen*, the Supreme Court noted the following:

> The . . . basis of the Court of Appeals' holding appears to be a generally framed principle that every person asserting a federal right is entitled to one unencumbered opportunity to litigate that right in a federal district court, regardless of the legal posture in which the federal claim arises. But the authority for this principle is difficult to discern. It cannot lie in the Constitution, which makes no such guarantee, but leaves the scope of the jurisdiction of the federal district courts to the wisdom of Congress. And no such authority is to be found in § 1983 itself. For reasons already discussed at length, nothing in the language or legislative history of § 1983 proves any congressional intent to deny binding effect to a state-court judgment or decision when the state court, acting within its proper jurisdiction, has given the parties a full and fair opportunity to litigate federal

2

> claims, and thereby has shown itself willing and able to protect federal rights. And nothing in the legislative history of § 1983 reveals any purpose to afford less deference to judgments in state criminal proceedings than to those in state civil proceedings. *There is, in short, no reason to believe that Congress intended to provide a person claiming a federal right an unrestricted opportunity to relitigate an issue already decided in state court simply because the issue arose in a state proceeding in which he would rather not have been engaged at all.*

*Id.* at 103-04 (emphasis added) (footnotes omitted). The italicized language above cuts against Mr. Diviacchi's fairness argument. *Allen*'s holding is still good law.

As for the Court's citation to *Fair Assessment*, 454 U.S. at 100, that was for a limited purpose. Contrary to what Mr. Diviacchi suggests, the Court did not claim that *Fair Assessment* was a preclusion case (it was not). Rather, the Court simply cited the case as an example where a litigant did not have a right to a federal forum (more specifically, a lower federal court) to vindicate a federal right. That remains correct. *See id.* at 116 ("[D]espite the ready access to federal courts provided by *Monroe* and its progeny, we hold that taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts. Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete, and may ultimately seek review of the state decisions in this Court [*i.e.*, the Supreme Court].").

As for *Margulis*, the Court simply cited the case in support of the principle that "important principles of judicial comity . . . counsel against federal judicial oversight of alleged constitutional infirmities in a state's determination of who is qualified for admission to the bar." Docket No. 28 (Order at 12) (quoting *Margulis*, 845 F.2d at 216); *see also Margulis*, 845 F.2d at 217 (noting the "general desirability of giving the state court the first opportunity to consider a state statute or rule in light of federal constitutional arguments . . . [and that] the strength of the state interest in regulating the state bar . . . [is] especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been officers of the courts" (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983)). Mr. Diviacchi has failed to counter that point in any meaningful way, simply arguing that a federal court should still be able to review a state court decision pursuant to § 1983.

Finally, the Court notes that Mr. Diviacchi did have access to a federal forum, which he did not pursue. He could have appealed the California Supreme Court's denial of his petition to the United States Supreme Court just as plaintiffs in *Feldman* did.

For the foregoing reasons, Mr. Diviacchi's motion to alter or amend the judgment is denied.

This order disposes of Docket No. 30.

**IT IS SO ORDERED**.

Dated: April 28, 2025

_____
EDWARD M. CHEN
United States District Judge