UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIANO DIVIACCHI,<br>     Plaintiff,<br>v.<br>BRANDON STALLINGS, *et al.*,<br>     Defendants. | Case No. 24-cv-07827-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE**<br><br>Docket Nos. 37, 39 |

Previously, the Court entered a final judgment against Plaintiff and in favor of Defendants. *See* Docket No. 29 (order). Plaintiff subsequently filed a Rule 59(e) motion to alter or amend the judgment which the Court denied. *See* Docket No. 36 (order). Plaintiff intends to appeal the Court's decisions but, in the meantime, has now filed a motion to vacate the judgment and/or related orders pursuant to Rule 60(b)(5) and (6).

Under these provisions, a court may relieve a party from a final judgment or order if "applying it prospectively is no longer equitable" or there is "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (6). "Rule 60(b)(5) and (6) allow for vacatur if the equities so demand." *Visto Corp. v. Sproqit Techs., Inc.*, No. C-04-0651 EMC, 2006 U.S. Dist. LEXIS 99486, at *11 (N.D. Cal. Dec. 19, 2006); *see also Am. Games, Inc. v. Trade Prods.*, 142 F.3d 1164, 1168 (9th Cir. 1998). Plaintiff argues that, in the case at bar, the equities weigh in favor of a vacatur because, after the final judgment was entered, the California Supreme Court approved the State Bar's proposed amendment to State Bar Rule 4.41. Thus, once the amendment becomes effective, the version of the rule challenged by Plaintiff will no longer exist. "Where [a] case is mooted by happenstance [as opposed to voluntary action by a party], vacatur is particularly appropriate,"

1  *Visto*, 2006 U.S. Dist. LEXIS 99486, at *11-12, because, without vacatur, the losing party "lose[s]
2  the right to have the adverse . . . decision reviewed by an appellate court." *Am. Games*, 142 F.3d
3  at 1170.
4        In response, Defendants indicate that they do not agree with Plaintiff's reasoning as to why
5  vacatur is warranted. *See* Opp'n, Ex. 2 (email). However, they acknowledge that, once the
6  amendment of State Bar Rule 4.41 becomes effective, any dispute between the parties will be
7  moot – *i.e.*, because Plaintiff will no longer be barred from submitting a moral character
8  application. *See Bd. of Trs. of the Glazing Health & Welfare Trust v. Chambers*, 941 F.3d 1195,
9  1197 (9th Cir. 2019) (stating that, when "the repeal, amendment, or expiration of legislation
10 renders a lawsuit challenging the legislation moot[,] . . . such a legislative act creates a
11 presumption that the action is moot, unless there is a reasonable expectation that the legislative
12 body is likely to enact the same or substantially similar legislation in the future"). Defendants
13 therefore state that, in principle, they do not oppose the motion to vacate. However, they maintain
14 that, *at present*, Plaintiff's motion is premature because, under either Plaintiff's analysis or their
15 own, the amendment to Rule 4.41 has not yet become effective – and will not until June 23, 2025.
16 *See* Opp'n at 2 (stating that Defendants oppose the motion as "premature, [but] they do not object
17 to the vacateur [sic] of the judgment on mootness grounds once the revised Rule 4.41 takes
18 effect").
19       The Court agrees with Defendants that Plaintiff's motion at this juncture is premature. His
20 motion is therefore denied. However, the Court directs the parties to file a joint stipulation and
21 proposed order **on June 23, 2025** (*i.e.*, once the State Bar Rule becomes effective), asking that the
22 judgment be vacated in light of the amended rule. The Court is inclined to sign off on the
23 stipulation, once filed.
24       The Court acknowledges that Plaintiff is in somewhat of a predicament in that he is
25 obligated to file an appeal by May 28, 2025 – *i.e.*, *before* the amendment becomes effective. An
26 appeal seems a pointless exercise if the Court will be signing off on the stipulation. Plaintiff,
27 however, has asked for an extension of time (30 days) to appeal. The Court now grants that
28

request for an extension.[1]  This means that the Court can approve the stipulation prior to the deadline for Plaintiff to appeal.

Accordingly, Plaintiff's motion for relief is denied but without prejudice.  As stated above, the parties shall file a joint stipulation and proposed order on June 23, 2025.

This order disposes of Docket Nos. 37 and 39.

**IT IS SO ORDERED**.

Dated: May 19, 2025

_____
EDWARD M. CHEN
United States District Judge

---

[1] Defendants have opposed the request for an extension, arguing that Plaintiff has failed to establish good cause.  *See* Fed. R. App. P. 4(a)(5).  While the Court agrees that a desire not to pay appellate filing fees does not constitute good cause, it still finds that there are independent grounds warranting an extension.  This case involves unique circumstances – *e.g.*, the California Supreme Court did not adopt the proposed amendment until more than 30 days after the final judgment in this case, and Defendants agree that the case will be moot once the amendment becomes effective.  In this situation, an appeal would be a pointless exercise, and it would be a waste of the appellate court's time if this Court were to force Plaintiff to initiate an appeal now that would concededly be moot.

3